IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MAUREEN MATSUMOTO,

    Plaintiff,

v.                                  Civil No. 04-634 WJ/RHS

FEDERAL EXPRESS CORPORATION,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING PLAINTIFF'S MOTION TO REMAND
## AND ORDER OF REMAND

THIS MATTER comes before the Court pursuant to Plaintiff's Motion to Remand [Docket No. 4]. Having reviewed the submissions of the parties, the record in the case, and the applicable law, I find the motion is well taken and will be granted.

## BACKGROUND

Plaintiff filed her Complaint for Unlawful Discrimination in the Second Judicial District Court, County of Bernalillo, State of New Mexico on January 9, 2004. Defendant was served with summons and copy of the Complaint on or about May 6, 2004. Defendant filed a Notice of Removal in this Court on June 4, 2004.

Plaintiff's state court Complaint alleges that she was employed by Defendant in 1985 in Boston. She suffered a non-work related head injury in 1991 and began a series of treatments including surgeries and placements of shunts. Plaintiff's medical condition includes short-term memory deficits and precludes her from effectively performing multiple tasks at once. During the

time Plaintiff remained in Boston, Defendant accommodated Plaintiff such that she was able to remain successfully employed.

In 1997, Plaintiff suffered a surgical stroke during one of the operations related to her 1991 head injury.  Plaintiff required rehabilitation from this stroke and spent a year in Tucson, Arizona undergoing rehabilitation.  Upon completion of her rehabilitation, Plaintiff returned to work in Boston and performed successfully with accommodations from Defendant.

In September 2000, Plaintiff transferred to Defendant's facility in Albuquerque.  Plaintiff requested the same accommodations in Albuquerque that she had received in Boston.  According to Plaintiff's Complaint, Defendant refused to accommodate Plaintiff's condition and refused to engage in an interactive process with Plaintiff to accommodate her and permit her to work.  Plaintiff's employment was terminated in May of 2003.

Plaintiff seeks damages from Defendant for violating the New Mexico Human Rights Act, N.M. Stat. Ann. 1978 §§ 28-1-1 *et seq*.  Plaintiff requests full relief including back pay, front pay, restitution of lost benefits, compensatory and punitive damages, damages for emotional distress and humiliation, and attorney's fees.

Defendant's Notice of Removal asserts that the Complaint contemplates an amount in controversy in excess of $75,000 because it seeks back pay, front pay, restitution of lost benefits, prejudgment interest, damages for emotional distress and humiliation, compensatory damages, punitive damages, and attorney's fees.  Defendant contends that Plaintiff's earning history reflects a salary of $21,624.75 during her last year of employment with Defendant.  Defendant then estimates that an award of back pay would equal $20, 217.29, and that Plaintiff could recover front pay for four years at approximately $66,019.20.  Defendant values Plaintiff's request for

attorney's fees at something in the range of or exceeding $10,000.  Defendant advances that any award of punitive damages could alone easily exceed the jurisdictional minimum.  While Defendant notes that Plaintiff was entitled to benefits during her employment including medical benefits and life and disability benefits, Defendant does not attempt to place a value on these for purposes of calculating any award of damages for the loss of these benefits.  Defendant also does not attempt to evaluate any potential award of damages for emotional distress and humiliation.

Plaintiff filed the instant motion to remand this action to state court.  Plaintiff urges that this Court lacks subject matter jurisdiction because Defendant has failed to establish that the amount in controversy exceeds the jurisdictional minimum amount of $75,000.  Plaintiff asserts that it has been just over one year since her employment with Defendant was terminated, and her earnings with Defendant were approximately $20,000 per year.  Thus, according to Plaintiff, her lost wages are only approximately $20,000 or less.  Plaintiff argues that any calculation of front pay damages is speculative so should not be considered in determining the jurisdictional amount in controversy.  She makes the same argument with regard to any calculation of punitive damages or emotional distress damages.  With regard to attorney's fees, Plaintiff urges that the Court should consider fee awards in state court to determine if the potential fee award brings the amount in controversy above the jurisdictional minimum.

**LEGAL STANDARD**

An action is removable if the district court of the United States would have original jurisdiction over the matter.  28 U.S.C. § 1441(a).  In a case alleging the subject matter jurisdiction of the Court on the basis of diversity of citizenship, a federal court lacks "judicial power" to hear the case if a plaintiff is not entitled to recover at least $75,000.  Laughlin v. Kmart

Corp., 50 F.3d 871, 874 (10th Cir. 1995).  It is the obligation of the removing party to establish the subject matter jurisdiction of this Court.  Huffman v Saul Holdings Ltd. P'ship, 194 F.3d 1072, 1079 (10th Cir. 1999); United States v Bluewater-Toltec Irrigation Dist., 580 F.Supp. 1434, 1440 (D.N.M. 1984).  There is a presumption against removal jurisdiction.  Laughlin, 50 F.3d at 873.  Both the requisite amount in controversy and the existence of diversity must be affirmatively established by a preponderance of the evidence on the face of either the complaint or the removal notice for purposes of diversity jurisdiction.  Martin v. Franklin Capital Corp., 251 F.3d 1284, 1290 (10th Cir. 2001); Laughlin, 50 F.3d at 873.  When the allegations in the complaint are not dispositive with regard to the amount in controversy, the burden is on the removing party to set forth in the notice of removal the underlying facts supporting the requisite jurisdictional amount.  Laughlin, 50 F.3d at 873.

In determining whether the amount in controversy requirement is met, the Court may consider the substance and nature of the injuries and damages described in the pleadings.  Hanna v. Miller, 163 F. Supp. 2d 1302, 1306 (D.N.M. 2001) (Kelly, J.).  This includes any request for punitive damages, see Geoffrey E. MacPherson, Ltd. v. Brinecell, Inc., 98 F.3d 1241, 1245 (10th Cir. 1996), and attorney's fees, Miera v. Dairyland Ins. Co., 143 F.3d 1337, 1340 (10th Cir. 1998).

**DISCUSSION**

The Court first looks to the face of the Complaint filed by Plaintiff in state court to determine if the amount in controversy requirement is established by a preponderance of the evidence.  Plaintiff's Complaint makes no allegations with regard to an amount in controversy.

4

Moreover, it is not clear by a preponderance of the evidence from the face of the Complaint that the amount in controversy in this case exceeds $75,000.

The Court turns next to the Notice of Removal to determine if the amount in controversy requirement is affirmatively established. The parties agree that Plaintiff's earnings while employed with Defendant averaged around $20,000 per year, and that an award of back pay would be in the neighborhood of $20,000.00. This is, of course, insufficient to meet the amount in controversy requirement for federal subject matter jurisdiction.

The Notice of Removal estimates an award of front pay for four years for $66,019.20 which excludes overtime, benefits or any increases. Plaintiff contends than any estimate of the amount in controversy that includes an award of front pay is speculative because it is only awarded in the discretion of the Court and is based on a Plaintiff's circumstances at the time of judgment. The Court disagrees with Plaintiff than an award of front pay is too speculative to consider in determining the amount in controversy. The Plaintiff's Complaint requests an award of front pay, and the Court may consider this request in determining the amount in controversy. However, the Court does find that it must also consider the Plaintiff's duty to mitigate her damages and the equitable nature of a front pay award in determining the effect of the request for front pay on the amount in controversy. Additionally, the Court must consider the remedial purpose of front pay and the factors that enlighten a court's determination of a front pay award.

Front pay is one of several remedies available in an anti-discrimination case, and the purpose of the remedy is to make a plaintiff whole. See Davoll v. Webb, 194 F.3d 1116, 1143 (10th Cir. 1999); Carter v. Sedgwick County, Kan., 36 F.3d 952, 957 (10th Cir. 1994). Some of the factors relevant to a determination of an appropriate amount of front pay include a plaintiff's

5

work life expectancy, salary and benefits at the time of termination, potential increases in salary, the reasonable availability of other work opportunities, the period within which a plaintiff may reasonably be expected to become re-employed, and the plaintiff's future in the position from which she was terminated.  <u>Davoll</u>, 194 F.3d at 1144.  A Court determining a front pay award under a federal anti-discrimination statute abuses its discretion in determining that award if it engages in mere guesswork, does not explain the evidence on which it bases its determination, and does not look to the individualized circumstances of a particular plaintiff.  <u>Davoll</u>, 194 F.3d at 1143, 1144-45.  A court cannot simply award front pay for a particular period of time because other courts have done so.  <u>Id.</u>[1]

In urging that Plaintiff will likely receive an award of front pay for four years, Defendant does not explain the basis of this determination.  The only facts known to the Court from the Complaint and Notice of Removal are that Plaintiff worked for Defendant from 1985 until approximately May 2003, that Plaintiff has a history of head injury and stroke resulting in short-term memory deficits and difficulty performing simultaneous multiple tasks, and that Plaintiff worked for Defendant on a part-time basis.[2]  From these facts, the Court cannot agree that a four

---

[1] It appears, however, that front pay awards under New Mexico law may be based on more flexible criteria.  In <u>Smith v. FDC Corp.</u>, the New Mexico Supreme Court upheld an award of lost future earnings when the evidentiary basis of that award was not readily apparent.  787 P.2d 433, 439 (N.M. 1990).  In doing so, the court stated that an award of damages under the New Mexico Human Rights Act will be upheld despite uncertainty and lack of precise measurement given the public policy condemning invidious discrimination inherent in the law.  <u>Id.</u>

[2] In Plaintiff's Memorandum in Support of the Motion to Remand, Plaintiff's counsel asserts that Plaintiff had some part-time employment subsequent to her termination from Defendant's employ, earned approximately $3,000 in 2003, and will thus have some income to reduce any amount of front pay.  This unsupported argument of counsel in a brief will not be considered by the Court.

year award of front pay is likely.  The Court can approximate Plaintiff's work life expectancy at twenty years, or somewhere around three years beyond her termination from Defendant's employ. Considering the one year already accounted for in the estimation of the possible back pay award, the front pay award possibly would be two years.  Because of Plaintiff's medical condition, it is reasonable to believe Plaintiff would receive the full two years front pay without any expectation of re-employment within that period.  The Court thus finds that a reasonable amount of front pay for purposes of the amount in controversy requirement is  $33,009.60, half the amount proposed by Defendant.  This amount plus the approximately $20,000.00 Plaintiff might be awarded in back pay is still significantly below the jurisdictional minimum.

The Notice of Removal urges that an award of punitive damages to Plaintiff could, standing alone, satisfy the amount in controversy requirement because Defendant is a publicly held company with shares traded on the New York Stock Exchange.  Plaintiff's Motion to Remand asserts that the mere prayer for punitive damages in the Complaint does not make the case removable.

The Court may consider the prayer for such damages in determining whether the amount in controversy requirement is satisfied if punitive damages are recoverable pursuant to the underlying claim.  See Geoffrey E. MacPherson, Ltd., 98 F.3d at 1244.  However, Plaintiff's claims are brought pursuant to the New Mexico Human Rights Act, N.M. Stat. Ann. 1978 §§ 28-1-1 *et seq.*, and punitive damages are not recoverable under that Act.  Trujillo v. Northern Rio Arriba Elec. Co-op, Inc., 41 P.3d 333, 344 (N.M. 2001).  Therefore, the Court will not consider punitive damages in determining whether Defendant has affirmatively established the subject matter jurisdiction of this Court.

Defendant's Notice of Removal asserts that the Court may consider attorney's fees in determining whether the jurisdictional minimum is met because the New Mexico Human Rights Act permits an award of attorney's fees to prevailing plaintiffs. Defendant then urges that such awards often exceed $10,000.00 in employment discrimination cases. Even assuming this is true, this amount, in addition to the possible front and back pay awards, does not meet the amount in controversy requirement for this Court's exercise of subject matter jurisdiction. The Court also cannot find, from the face of the Notice of Removal and the Complaint, that the additional prayer for damages for emotional distress and humiliation affirmatively establishes the jurisdiction of this Court by a preponderance of the evidence.[3]

Considering the case as a whole, Defendant has failed to affirmatively establish by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000. Accordingly, the presumption against the exercise of jurisdiction has not been overcome, and the Court will remand this case to the Second Judicial District Court, County of Bernalillo, State of New Mexico based on this Court's lack of subject matter jurisdiction.

**CONCLUSION**

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand [Docket No. 4] is hereby GRANTED on the basis that this Court lacks subject matter jurisdiction over the case, and this case is hereby REMANDED to the Second Judicial District Court, County of Bernalillo, State of New Mexico.

_____
UNITED STATES DISTRICT JUDGE

---

[3]As noted, Defendant's Notice of Removal did not attempt to place a value on any award of damages for emotional distress and humiliation.

8